IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HARLEYSVILLE MUTUAL INSUREANCE COMPANY,** } | |
| } | |
| **Plaintiff,** } | Case No.: 2:03-CV-2602-RDP |
| } | |
| v. } | |
| } | |
| **BRIAN HOMES, INC., et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

The court has before it the Defendant Homeowners' Motion to Dismiss (Doc. # 37). The motion has been fully briefed, and the court heard oral argument on the motion during a telephone conference on September 15, 2005. For the reasons outlined below, the court finds that the motion is due to be granted.

This is an action for declaratory judgment. Plaintiff has asked this court to determine whether it has a duty to indemnify Brian Homes, Inc. ("Brian Homes") in the event that judgment is rendered against Brian Homes in the underlying state court actions brought by the Homeowners (who are Defendants in this case). Plaintiff has not challenged the duty to defend in this case,[1] and

---

[1] Although Plaintiff's complaint asks this court to determine that it has no duty to defend, in the September 15, 2005 conference call, Plaintiff's counsel conceded that the duty to defend was triggered upon Brian Homes' initial demand for coverage because at least some of the claims asserted by the Homeowners are covered by the insurance policy in this case. Plaintiff's opposition to Defendants' motion to dismiss raises – for the first time – the argument that Plaintiff no longer has the duty to defend Brian Homes because Brian Homes has failed to assist and cooperate in the defense of the underlying state court actions. (Doc. # 38). This claim is not part of this case. It was not pled as part of Plaintiff's declaratory judgment because it did not exist at the time of filing. It does not arise out of the same transaction and occurrence as the claims asserted by Plaintiff in this case. Further, Plaintiff has not amended its complaint to include this claim, and the court indicated at the September 15, 2005 telephone conference that it would not allow amendments at this late date -- 18 months after the deadline to amend had expired. (Doc. # 8). While not the subject of this litigation, Plaintiff is certainly free to file another declaratory judgment action asserting this claim.

Plaintiff has taken up the defense of Brian Homes in the underlying state court actions. Accordingly, the only issue before the court is whether Plaintiff has a duty to indemnify Brian Homes.

This court's judicial authority is limited by the Constitution to resolution of "cases" and "controversies." U.S. Const. art. III, § 2. This requirement applies equally to cases asserted under the Declaratory Judgment Act. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (finding that the Act, "in its limitation to 'cases of actual controversy,' manifestly has regard to the constitutional provision, [and thus] is operative only in respect to controversies which are such in the constitutional sense"). Moreover, courts have great discretion in the exercise of jurisdiction under the Declaratory Judgment Act. The Act provides that a court "*may* declare the rights and other legal relations of any interested party seeking this declaration," 28 U.S.C.A. § 2201 (emphasis added), and therefore it is merely "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." *Public Serv. Commission v. Wycoff Co.*, 344 U.S. 237, 241 (1952).

Against this backdrop, this court must determine whether it is appropriate to assert jurisdiction under the Declaratory Judgment Act over Plaintiff's duty to indemnify claims in this case. The court agrees with the Middle District of Alabama's finding that "a determination of the duty to indemnify cannot be made at a preliminary stage in the proceedings, when it is still possible for the plaintiff in the underlying lawsuit to change the theory of liability and assert a claim that is covered by the policy at issue." *Guaranty Nat. Ins. Co. v. Beeline Stores, Inc.*, 945 F.Supp. 1510, 1514 (M.D. Ala.,1996) (citing *Ladner & Co., Inc. v. Southern Guaranty Ins. Co.*, 347 So.2d 100, 104 (Ala.1977)). Moreover, the court notes that Brian Homes could prevail in the state court lawsuits

underlying this case, which would render moot the issue of the duty to indemnify and result in a waste of the judicial resources expended on this case.

Accordingly, this court determines that the issue of indemnification – the only issue in this case – is not sufficiently ripe to present a "case" or "controversy" and, therefore, Plaintiff's claims are not ripe for adjudication. Alternatively, and in any event, the court declines to exercise its discretion under the Declaratory Judgment Act to resolve this matter. *See Nationwide Insurance v. Zavalis*, 52 F.3d 689, 693 (7th Cir.1995) ("[T]he duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

Therefore, the court will dismiss this case, without prejudice to refiling if the issues presented herein become ripe for adjudication.

**DONE** and **ORDERED** this ___16th___ day of September, 2005.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE